UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KASIEM WILLIAMS,

        Petitioner,

   v.                                  17-CV-1040
                                       DECISION & ORDER

WILLIAM KEISER,

        Respondent.

---

Before the Court is a motion for emergency release filed by the petitioner, Kasiem Williams. Docket Item 24. For the reasons that follow, the Court denies Williams's motion.

## **BACKGROUND**

On October 16, 2017, Williams—an inmate at the Sullivan Correctional Facility in Fallsburg, New York ("Sullivan")—filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Docket item 1. On February 22, 2019, the respondent responded to the petition, Docket Items 11 and 12, and on March 8, 2019, Williams replied, Docket Item 13.

On October 17, 2019, this Court referred this case to United States Magistrate Judge Hugh B. Scott for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 15. On January 9, 2020, Judge Scott issued a Report and Recommendation ("R&R") finding that Williams's petition should be dismissed. Docket Item 17.

On March 27, 2020, Williams filed an "application for stay and/or abeyance and reconsideration of the [R&R] and objection thereto." Docket Item 22. The respondent responded on April 13, 2020, Docket Item 27, and Williams's reply is due by May 4, 2020, *see* Docket Item 23.

In the meantime, on April 6, 2020, Williams filed a motion for emergency release. Docket Item 24. In that motion, Williams argues that he is "at high risk of contracting [COVID-19] as [he is] legally blind" due to an eye disease called Karata Conus. *Id.* at 1. More specifically, he contends that due to his visual impairment, he is unable to "avoid an[ ] infected person nor practice [COVID-19] prevention" as he might "walk[ ] right into an infected area or person." *Id.* Thus, he argues, "if he remain[s] at [Sullivan,] he is at high risk of serious illness or death." *Id.*

The respondent responded on April 13, 2020. Docket Item 26. Construing Williams's motion as a request for compassionate release under 18 U.S.C. § 3582, the respondent argues that Williams in not entitled to such relief because he "has not exhausted his remedies . . . with the Bureau of Prisons." *Id.* ¶ 8. Moreover, the respondent contends, Williams's "claim of extraordinary circumstances is somewhat speculative and does not present the kind of immediate and serious health maladies that federal courts seem to have in view when weighing such a claim for relief." *Id.* ¶ 7 (citing *United States v Ebbers*, 2020 WL 91399 (S.D.N.Y. 2020)).

Williams did not file a reply, and the time to do so has passed. *See* Docket Item 28.

**DISCUSSION**

I.  **COMPASSIONATE RELEASE UNDER 28 U.S.C. § 3582**

28 U.S.C. § 3582(c)(1)(A)(i) provides that a federal

> court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction.

Here, however, Williams is currently in *state* custody,[1] and this Court does not have the authority to alter his state sentence under § 3582.  *Cf. People v. Harris*, 117 N.E.3d 225, 229 (Ill. App. Ct.), *appeal denied*, 108 N.E.3d 840 (Ill. 2018) (explaining that the court was "without authority to apply the federal compassionate release standards to an Illinois case").  And although Williams is serving a concurrent federal sentence, even if this Court were to reduce his *federal* term of imprisonment, that would not result in any change to his state sentence.

---

[1]  More specifically, in February 2011, Williams was sentenced to serve 25 years in prison for a conviction in state court on manslaughter in the first degree.  *See* Docket Item 26 ¶ 4.  In July 2016, Williams was sentenced to 168 months of imprisonment for a federal conviction under the Racketeer Influenced and Corrupt Organizations Act, with 48 months to run concurrently with his state sentence and 120 months to run consecutively.  *See* Case No. 11-cr-151, Docket Item 829 at 2.

3

Accordingly, this Court denies Williams's request for compassionate release.[2]

## II.   RELEASE UNDER *MAPP V. RENO*

Williams also seeks, in his words, a "writ in extraordinary circumstances for relief; in pending 28 U.S.C. § 2254(a)."  Docket Item 24 at 1.  Because Williams proceeds *pro se*, this Court must read his submissions "liberally and . . . interpret[ ] [them] 'to raise the strongest arguments that they could suggest.'"  *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).  The Court therefore will analyze whether Williams is entitled to release under the Second Circuit's decision in *Mapp v. Reno,* 241 F.3d 221 (2d Cir. 2001), even though he did not cite that case explicitly.

In *Mapp*, the Second Circuit held that "federal courts have inherent authority to admit to bail individuals properly within their jurisdiction."  *Id.* at 226.  In the context of habeas petitioners, however, that "power is a limited one, to be exercised in special cases only."  *Id.*  More specifically, "[t]he [p]etitioner must demonstrate that the habeas petition raise[s] substantial claims and that extraordinary circumstances exist[ ] that make the grant of bail necessary to make the habeas remedy effective."  *Id.* (quoting *Grune v. Coughlin,* 913 F.2d 41, 43-44 (2d Cir. 1990)).

"In determining whether the standard articulated in *Mapp* has been met, the Court considers three factors:  (1) whether substantial claims are set forth in the habeas corpus petition; (2) whether the petitioner has demonstrated a likelihood of success on

---

[2]  This denial is without prejudice, however, to Williams's renewing his request for compassionate release if his state sentence is reduced such that he is likely to be released from state custody during the COVID-19 pandemic.

4

the merits of his or her petition; and (3) whether there are extraordinary circumstances attending the petitioner's situation which would require release on bail in order to make the writ of habeas corpus effective." *Boddie v. N.Y. State Div. of Parole*, No. 08 CIV. 9287 LAP/DF, 2009 WL 1531595, at *1 (S.D.N.Y. May 28, 2009).  Of these factors, "the necessity that the petition present merits that are more than slightly in [the] petitioner's favor" is "essential."  *Welch v. Artus*, No. 04-CV-205 S, 2007 WL 949652, at *60 (W.D.N.Y. Mar. 29, 2007) (quoting *Richard v. Abrams,* 732 F.Supp. 24, 25 (S.D.N.Y. 1990)).

Here, even assuming for the sake of argument that Williams could demonstrate that the COVID-19 outbreak is an "extraordinary circumstance[ ] . . . [that] would require release on bail in order to make the writ of habeas corpus effective," *Mapp,* 241 F.3d at 226,[3] he cannot establish a likelihood of success on the merits of his petition.  More specifically, Judge Scott issued a R&R recommending dismissal of the petition because Williams did not exhaust his claim that his trial counsel was ineffective and because his claim that his appellate counsel was ineffective did not have merit.  *See* Docket Item 17 at 9-10.  While this Court has not yet considered Williams's objections, and therefore has not yet decided whether to accept Judge Scott's recommendation, it finds that

---

[3] Williams claims that his eye disease puts him at higher risk of contracting COVID-19, but he has not presented any medical support for that assertion.  Nor is eye disease one of the underlying health conditions that the Centers for Disease Control ("CDC") has identified as being "high risk."  *See Jones v. Wolf*, No. 20-CV-361, 2020 WL 1643857, at *14 (W.D.N.Y. Apr. 2, 2020) (explaining that, according to the CDC, "high-risk conditions could include: [p]eople with chronic lung disease or moderate to severe asthma[; p]eople who have serious heart conditions[; p]eople who are immunocompromised . . . [; p]eople of any age with severe obesity (body mass index [BMI] of 40 or higher)[; p]eople with diabetes[; p]eople with chronic kidney disease undergoing dialysis[; or p]eople with liver disease." (citation omitted)).

based on Judge Scott's analysis, Williams cannot demonstrate that the merits of his petition "are more than slightly in [his] favor." *Welch*, 2007 WL 949652, at *60; *see also Boddie*, 2009 WL 1531595, at *1 (denying release under *Mapp* where R&R recommended dismissal of the petition). Accordingly, Williams is not entitled to release under *Mapp*.

## **CONCLUSION**

For the reasons explained above, Williams's motion for emergency release, Docket Item 24, is DENIED.

SO ORDERED.

Dated: April 28, 2020
    Buffalo, New York


        */s/ Lawrence J. Vilardo*
        LAWRENCE J. VILARDO
        UNITED STATES DISTRICT JUDGE