UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KASIEM WILLIAMS,

        Petitioner,

v.                                              17-CV-1040 (JLS) (HBS)

WILLIAM KEISER,

        Respondent.

---

## DECISION AND ORDER

*Pro se* petitioner Kasiem Williams is in state custody at Sullivan Correctional Facility, serving concurrent state and federal sentences.[1] He filed an amended request for emergency release and asked this Court to reconsider its earlier decision[2] denying his request for release from custody. *See* Dkts. 30, 34. For the following reasons, the Court denies Williams's motion.

## BACKGROUND

Williams currently is in state custody serving a state-imposed sentence and the concurrent portion of his federal sentence. *See* Dkt. 29, at 3 & n.1. By later this

---

[1] Williams already has a Section 2254 habeas petition pending before this Court. *See* Dkt. 1. Judge Scott issued a Report and Recommendation ("R&R") on Williams's 2017 petition, but this Court has not yet ruled on the objections to the R&R. *See* Dkts. 22, 27.

[2] Hon. Lawrence J. Vilardo decided Williams's original motion. *See* Dkt. 29. On May 13, 2020, this case was reassigned to this Court. *See* Dkt. 33.

Summer, Williams will have served the concurrent portion of his federal sentence. *See id.* at 3 n.1.

On April 30, 2020, Williams filed an amended emergency request for release from custody, asking the Court for "immediate[] release" based on the spread of COVID-19. *See* Dkt. 30. He designated his request as an "emergency extraordinary circumstances writ of habeas corpus [under] § 2254(a)," alleging that his confinement during COVID-19 "violat[ed his] 5th, 6th, 8th and 14th Amendment" rights. *Id.* at 1. Williams states that Sullivan had confirmed cases of COVID-19. *See id.* at 2. He also references events that occurred at other DOCCS facilities, including release of prisoners from Riker's Island and inmate deaths at Sing Sing. *See id.* at 2-3.

Respondent opposes Williams's motion, arguing that Williams did not exhaust his claims with the Federal Bureau of Prisons and that he is not entitled to relief under the Eighth Amendment. *See* Dkt. 32, at 2-3 ¶¶ 5-8.

On May 22, 2020, Williams filed a letter in support/affidavit for reconsideration, which addresses Respondent's opposition and supplements Williams's request for release due to the COVID-19 pandemic. *See* Dkt. 34. Williams cites *Mapp v. Reno*, 241 F.3d 221 (2d Cir. 2001), as grounds for the release he seeks, *see* Dkt. 34, at 1, but states that his confinement at Sullivan Correctional Facility ("Sullivan") during the pandemic violates "his due process rights against infringement upon [l]ife and liberty, in addition to the [p]rohibition against [c]ruel and unusual punishment," *id.* at 2 ¶ 1. He then explains his unsuccessful efforts to

seek release from the Federal Bureau of Prisons and asks the Court to excuse his failure to exhaust. *See id.* at 2-7.

Williams sent a letter to the Court on May 26, 2020, stating that the post office never delivered his reply submission in further support of his original motion for emergency release and informing the Court that he would resubmit that submission. *See* Dkt. 35. On June 3, 2020, Williams filed that reply in further support of his original motion for emergency release (Dkt. 24), which is dated April 17, 2020. *See* Dkt. 36. He alleges that DOCCS hired new corrections officers who were not physically screened before entering DOCCS facilities and that one officer tested positive for COVID-19 "after having exposed the inmate population." *See id.* at 3-4.[3] As in his May 22 submission, Williams asks the Court to excuse his failure to exhaust. *See id.* at 2. The Court reviewed and considered this submission in reaching its decision here.

## DISCUSSION

Because Williams is a *pro se* petitioner, the Court will "construe [his] pleadings liberally and interpret them 'to raise the strongest arguments they suggest.'" *See Wells v. Annucci*, No. 19-cv-3841, 2019 WL 2209226, at *1 (S.D.N.Y. May 21, 2019) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). The Court therefore analyzes Williams's submissions as both seeking bail pending the resolution of his 2017 habeas petition and as raising separate

---

[3] Page references to Dkt. 36 are to the numbering automatically generated by CM/ECF, which appears in the header of each page.

habeas claims under 28 U.S.C. § 2254 based on the conditions of his confinement during the COVID-19 pandemic.

Williams is entitled to liberal construction of his submissions, but his *pro se* status "does not exempt [him] from compliance with the relevant rules of procedural and substantive law." *See Siao-Pao v. Connolly*, 564 F. Supp. 2d 232, 238 (S.D.N.Y. 2008) (internal quotations and citations omitted).

## I.     Relief under *Mapp v. Reno.*

The Court construed Williams's original motion for emergency release as a request pursuant to *Mapp v. Reno*, 241 F.3d 221 (2d Cir. 2001) (holding that federal courts have inherent authority to grant habeas petitioners bail "in unusual cases, or when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective" (internal quotations and citation omitted)), and concluded that "Williams is not entitled to release under *Mapp*." *See* Dkt. 29, at 4-6.

Williams's new filings add some allegations related to COVID-19—in DOCCS generally and at Sullivan—and some arguments related to exhaustion. *See generally* Dkts. 30, 34, 36. Neither these allegations nor these arguments alter the Court's decision on Williams's original request for emergency release. In particular, the Court's previous decision "assum[ed] for the sake of argument that Williams could demonstrate that the COVID-19 outbreak is an 'extraordinary circumstance[] . . . [that] would require release on bail . . . to make the writ of habeas corpus effective.'" Dkt. 29, at 5 (quoting *Mapp*, 241 F.3d at 226). The Court denied

4

Williams relief based on his likelihood of success on his 2017 habeas petition, *see id.* at 5-6, and nothing Williams adds here requires a different result.

Accordingly, for the reasons stated in the Court's previous decision (Dkt. 29), Williams's request for relief—to the extent based on *Mapp v. Reno*—is denied.

## II. Relief under 28 U.S.C. § 2254.

Because Williams describes his amended motion for release as a "writ of habeas corpus [under] § 2254," alleges that his confinement at Sullivan during the COVID-19 pandemic violates his constitutional rights, and seeks "immediate[] release," the Court also considers his submissions as if they sought Section 2254 habeas relief separate from his 2017 habeas petition. *See* Dkt. 30, at 1, 3.

Williams's 2017 petition remains pending, so the Court may—and does—construe his current COVID habeas claims as a motion to amend his 2017 petition. *See Ching v. United States*, 298 F.3d 174, 177 (2d Cir. 2002) (examining *Littlejohn v. Artuz*, 271 F.3d 360, 362 (2d Cir. 2001), and explaining that "a motion to amend a § 2254 petition while an initial § 2254 petition [is] still pending before the district court" was governed by Federal Rule of Civil Procedure 15).

Absent consent by the opposing party, a party wishing to amend his pleading after a responsive pleading is filed must obtain leave of court. *See* Fed. R. Civ. P. 15(a). Courts should grant leave to amend "'freely . . . when justice so requires'" but "may properly deny leave when amendment would be futile.'" *Jones v. N.Y. State Div. of Military & Naval Affairs*, 166 F.3d 45, 50 (2d Cir. 1999) (quoting Fed. R. Civ. P. 15(a)). Amendment is futile if the proposed claims are unexhausted and the

5

"proposed amended [pleading] would be subject to immediate dismissal." *See id.* at 54-55. Because Williams must present his COVID habeas claims to a state court before presenting them to this Court, amendment of Williams's 2017 habeas petition to include his COVID-related claims is futile.

In particular, a sentenced state prisoner who, like Williams, claims he is in state custody in violation of federal law may seek relief from a federal court by petitioning for a writ of habeas corpus under 28 U.S.C. § 2254(a). Section 2254 requires a petitioner to show that he "exhausted the remedies available in the courts of the State" before a federal court will consider the request for relief. *See* 28 U.S.C. § 2254(b)(1)(A); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court."). To exhaust state remedies, a petitioner must "fairly present federal claims to the state courts . . . to give the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *McCray v. New York*, 573 F. App'x 22, 23 (2d Cir. 2014) (quoting *Carvajal v. Artus*, 633 F.3d 95, 104 (2d Cir. 2011)). A petitioner exhausts his constitutional claims if he "presented [them] to the highest state court from which a decision can be obtained." *Lewis v. Bennett*, 328 F. Supp. 2d 396, 403 (W.D.N.Y. 2004) (citing *Morgan v. Bennett*, 204 F.3d 360, 369 (2d Cir. 2000)).

There are several ways a petitioner may exhaust his claims. As relevant to Williams's COVID habeas claims, where the claim for relief is not based on the trial court record, a petitioner may exhaust the claim by raising it to the state trial court

in a collateral post-conviction motion, such as a motion under New York Criminal Procedure Law § 440. *See Elleby v. Smith*, No. 20-cv-2935, 2020 WL 2611921, at *3 (S.D.N.Y. May 22, 2020). Or a petitioner may petition the trial court or appropriate Appellate Division for a writ of habeas corpus and seek review of any decision denying the petition. *Id.*[4] Even when a petitioner challenges the execution, rather than validity, of his sentence under Section 2254, he "is still required to exhaust all of his state court remedies before filing a habeas petition in state court, and . . . bears the burden of establishing that [he] has met this requirement." *Rapeika v. Administrator of Northern State Prison*, No. 20-cv-5358, 2020 WL 2092790, at *1 (D.N.J. May 1, 2020).

Williams does not demonstrate that he exhausted his COVID habeas claims. He documents his efforts to present his request for release to the Federal Bureau of Prisons. *See* Dkt. 34, at 3 ¶ 2, 10-12 (Ex. A). But as the Court explained in its decision on Williams's first motion for release, "Williams is in *state* custody," and the federal compassionate release statute does not apply to him. *See* Dkt. 29, at 3 & n.1. Exhausting a request for release with the Federal Bureau of Prisons is a prerequisite to moving for compassionate release under 28 U.S.C. § 3582(c)(1)(A), but does not satisfy the exhaustion requirement in 28 U.S.C. § 2254(b).[5]

---

[4] Where a petitioner's claim is based on the trial court record—which is not the case for Williams's COVID habeas claims—a petitioner may exhaust by filing a direct appeal to the relevant Appellate Division and, if relief is denied, seeking leave to appeal to the New York Court of Appeals. *See Elleby*, 2020 WL 2611921, at *3.

[5] Williams also documents his efforts to file grievances with officials at Sullivan related to denial of access to his medical records. *See* Dkt. 34, at 3 ¶ 2, 4 ¶ 3, 13-17 (Ex. B). Those efforts are not relevant to Section 2254(b)'s requirement that

7

Nor do the two narrow exceptions to the exhaustion requirement in 28 U.S.C. § 2254(b)(1)(A) apply.[6] A federal court may grant a petitioner's unexhausted petition for habeas relief if: (1) "there is an absence of State corrective process"; or (2) "circumstances exist that render [the State corrective process] ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)-(ii). In other words, a petitioner need not exhaust his claims when "there is no further state proceeding for petitioner to pursue" or where such pursuit "would be futile." *See Elleby*, 2020 WL 2611921, at *4 (quoting *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000)).

Williams asks the Court to excuse him from exhausting his COVID habeas claims because his attempts to exhaust have been futile and most state trial courts are shut down due to COVID-19. *See* Dkt. 34, at 4 ¶ 3, 5-7 ¶¶ 4-6; *see also* Dkt. 36, at 4 (arguing that "exhaustion of the administrative process can be waived in light of the extraordinary threat posed . . . by the COVID-19 pandemic"). As explained above, Williams must exhaust his COVID habeas claims in state court—not with the Federal Bureau of Prisons and not with the officials at Sullivan. Even at their most restrictive, New York state courts' limitations on filings did not apply to "emergency applications related to the coronavirus." *See* Administrative Order of

---

Williams present his COVID habeas claims based on the conditions of his confinement to a state court.

[6] Williams suggests that the Court may simply waive exhaustion because the requirement is "[j]udicially crafted." *See* Dkt. 34, at 5 ¶ 5. But the exhaustion requirement that applies to his COVID habeas claims, which appears in 28 U.S.C. § 2254(b)(1)(A) is statutory—not judicially crafted. The Court therefore may excuse Williams's failure to exhaust only if he satisfies the statutory exceptions in 28 U.S.C. § 2254(b)(1)(B).

the Chief Administrative Judge of the Courts, dated Mar. 22, 2020, at Ex. A, https://www.nycourts.gov/whatsnew/pdf/AO-78-20.pdf. New York state courts have received, and resolved, requests for release from state custody in connection with the COVID-19 pandemic. *See, e.g., People ex rel. Squirrell v. Langley*, No. 500451/2020, 2020 WL 2736623 (Sup. Ct. Putnam Cty. May 25, 2020) (dismissing habeas corpus petitions by inmates seeking release during the COVID-19 pandemic where the court, after thoroughly examining the measures taken by the sheriff and other officials, concluded there was no violation of petitioners' due process or Eighth Amendment rights); *People ex rel. Stoughton v. Brann*, No. 451078/2020, 2020 WL 1679209 (Sup. Ct. N.Y. Cty. Apr. 6, 2020) (ordering release of 18 "at-risk" prisoners in a due process challenge by 32 petitioners detained at Rikers Island); *People ex rel. Gregor v. Reynolds*, No. CV20-150, 2020 WL 1910116 (Sup. Ct. Essex Cty. Apr. 17, 2020) (concluding, where several inmates detained pending parole violation proceedings filed Article 70 petitions for release, that sheriff's failure to take adequate protective measures violated the due process rights of an inmate who was vulnerable to COVID-19).

Courts may excuse petitioners from exhausting their claims when "relief is truly unavailable," but excusing exhaustion here, where state courts are available, "would turn the habeas system upside down." *See Money v. Pritzker*, No. 20-cv-2093, 2020 WL 1820660, at *22 (N.D. Ill. Apr. 10, 2020). Other courts have reached similar conclusions when faced with habeas petitions seeking release from state custody based on the COVID-19 pandemic. *See Griffin v. Cook*, No. 3:20-cv-589

9

(JAM), 2020 WL 2735886, at *5 (D. Conn. May 26, 2020) (collecting cases); *Elleby*, 2020 WL 2611921, at *5.

Section 2254(b)(1)(a)'s exhaustion requirement affords "the state court[] . . . the first opportunity to review [Williams's COVID habeas claims] and provide any necessary relief." *See O'Sullivan*, 526 U.S. at 844; *see also Rose v. Lundy*, 455 U.S. 509, 515 (1982) ("[A]s a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act."). Exhaustion also ensures that, if Williams's COVID habeas claims end up back in federal court, they will "be accompanied by a complete factual record to aid [the Court] in [its] review." *See Rose*, 455 U.S. at 519. A full factual record is particularly important here, in light of the "rapidly changing conditions in prison and the evolving steps that prisons are taking to meet the unprecedented challenges presented by the pandemic." *See Elleby*, 2020 WL 2611921, at *5.

Because Williams's COVID claims would be subject to immediate dismissal for failure to exhaust, the Court denies Williams leave to amend his 2017 habeas petition to include his COVID habeas claims. Williams may present his request for relief to a state court.

## **CONCLUSION**

For the reasons stated above, the Court DENIES Williams's amended motion for immediate release (Dkt. 30).

SO ORDERED.

Dated:      June 11, 2020
              Buffalo, New York

                                              JOHN L. SINATRA, JR.
                                              UNITED STATES DISTRICT JUDGE